WILLIAM COLEMAN AND ARLETTE COLEMAN, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coleman v. Commissioner
Docket Nos. 17221-86; 17466-86; 17467-86; 13516-87; 13530-87; 13531-87[1]
United States Tax Court
T.C. Memo 1989-497; 1989 Tax Ct. Memo LEXIS 500; 58 T.C.M. (CCH) 125; T.C.M. (RIA) 89497; September 11, 1989
Leon C. Baker, for the petitioners. Susan G. Lewis, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: * In his notices of deficiency, respondent determined the *501 following income tax deficiencies and additions to tax for petitioners: William and Arlette Coleman
Docket No. 17221-86
Additions to Tax
Year
Deficiency
Sec. 6661 [2]
Sec. 6659
1981
$ 57,568.53
-0-
$ 16,768.75
1982
39,891.50
$ 3,989.15
11,641.65
Ronald and Nancy Coleman
Docket No. 17466-86
Additions to Tax
Year
Deficiency
Sec. 6661
Sec. 6659
1981
$ 57,587.90
-0-
$ 16,776.57
1982
39,891.50
$ 3,989.15
11,641.65
Harvey and Carol Coleman Docket No. 17467-86
Additions to Tax
Year
Deficiency
Sec. 6661
Sec. 6659
1981
$ 57,481.61
-0-
$ 16,742.67
1982
39,891.50
$ 3,989.15
11,641.65
Harvey and Carol Coleman Docket No. 13516-87
Additions to Tax
Year
Deficiency
Sec. 6659
1983
$ 33,737
$ 10,121.10
1984
31,243
9,372.90
1985
1,610
483.00
*502 Ronald and Nancy Coleman Docket No. 13530-87
Additions to Tax
Year
Deficiency
Sec. 6659
1983
$ 33,728
$ 10,118.40
1984
13,743
4,122.90
1985
1,612
483.60
William and Arlette Coleman Docket No. 13531-87
Additions to Tax
Year
Deficiency
Sec. 6659
1983
$ 33,737
$ 10,121.10
1984
31,244
9,373.20
1985
1,610
483.00
In the notices of deficiency sent to all the petitioners for tax years 1981 through 1985, respondent also determined that section 6621(c) (formerly section 6621(d)) [3] dealing with interest on substantial underpayments attributable to tax motivated transactions was applicable. The issues presented for decision, which were limited by stipulation, are whether petitioners (i) acquired a depreciable interest in computer equipment; (ii) are entitled to deduct interest attributable to a nonrecourse note; *503 (iii) are liable for section 6661 additions to tax attributable to substantial understatements in tax year 1982; (iv) are liable for section 6659 additions to tax for a valuation overstatement; and (v) are liable for the increased interest rate applicable to tax-motivated transactions pursuant to section 6621(c). FINDINGS OF FACT The above consolidated cases have been fully stipulated by the parties under Rule 122. The parties have agreed to accept the findings of fact in Coleman v. Commissioner, 87 T.C. 178 (1986), affd. without published opinion 833 F.2d 303 (3d Cir. 1987), involving the years 1979 and 1980. For economy of space and efficiency, we hereby incorporate the findings of fact in Coleman as part of the record in this case. The parties have filed a Supplemental Stipulation which includes petitioners' Forms 1040 and 1040X in the record, as well as respondent's statutory notices of deficiency for tax years 1981 through 1985. William and Arlette Coleman resided in Saddle River, New Jersey, at the time they filed their petitions. Ronald and Nancy Coleman resided in Oradell, New Jersey, at the time they filed their petitions. Harvey *504 and Carol Coleman resided in Upper Saddle River, New Jersey, at the time they filed their petitions. Although the record in Coleman speaks for itself, a brief summary of those facts may be helpful. The three male petitioners are brothers who were equal partners in Majestic Construction Co. (Majestic), a New Jersey general partnership. Majestic was in the business of constructing and selling rental income properties for its own account. Leon Baker, who is a first cousin to the brothers and their attorney in this case, discussed Majestic's need for a tax shelter with William Coleman. The three brothers, as partners, acquired an interest in computer equipment from a computer equipment supplier (Atlantic) in the United Kingdom through several intermediary parties. Atlantic transferred title to the computer equipment to several lenders and finance companies and arranged for leases between the lenders and its several customers. In return, Atlantic received a sum based on the discounted value of the stream of rents receivable under the arranged leases. Atlantic also entered into residual agreements with the lenders in which Atlantic retained options to repurchase the computer *505 equipment for nominal consideration upon the expiration of the leases' initial terms. It was this interest under the residual agreement which Majestic acquired. Upon acquiring the interest in the equipment, Majestic then leased it back to its immediate seller. Respondent claimed that the lenders were the true owners of the equipment, not Atlantic, and that Majestic, as the successor in interest to Atlantic, had no depreciable interest in the computer equipment. This Court in Coleman found that the maximum value of petitioners' interest in the equipment was $ 197,045. After Coleman was affirmed by the Court of Appeals for the Third Circuit, petitioners filed amended income tax returns reflecting their assertion that Atlantic exercised options in Majestic's favor at various times during 1981 through 1985. In accordance with this theory, petitioners claimed on their amended returns that they were entitled to certain reduced deductions and credits. In his statutory notices of deficiency, respondent made the following adjustments for the tax years in dispute: William and Arlette Coleman
Increase in Share of
Year
Partnership Income
Disallowed Schedule E Losses
1981
$ 89,773.66
$ 2,491
1982
77,612.00
2,172
1983
65,925.00
1,549
1984
61,088.00
1,399
1985
3,124.00
97
*506 Ronald and Nancy Coleman
Increase in Share Of
Year
Partnership Income
Disallowed Schedule E Losses
1981
$ 89,773.66
$ 2,481
1982
77,612.00
2,172
1983
65,906.00
1,549
1984
26,087.00
1,399
1985
3,125.00
97
Harvey and Carol Coleman
Increase in Share of
Year
Partnership Income
Disallowed Schedule E Losses
1981
$ 89,773.66
$ 2,491
1982
77,612.00
2,172
1983
65,924.00
1,549
1984
61,088.00
1,399
1985
3,124.00
97
OPINION In Coleman, we held that petitioners Ronald and Nancy Coleman did not have a depreciable interest in the computer equipment during 1979 and 1980. Petitioners assert that they are now entitled to deduct depreciation, interest and other deductions because Atlantic exercised certain options on Majestic's behalf during tax years 1981 through 1985. Petitioners contend that Atlantic was required to exercise these options on their behalf under the Purchase Agreement. Petitioners bear the burden of proving that they are entitled to deductions claimed on their income tax returns for the years in dispute. *507 Rule 142(a). We need not determine whether petitioners would have obtained a depreciable interest in the computer equipment if Atlantic had exercised certain options. A more fundamental problem with petitioners' case is that they have not proven that these options were in fact exercised at all by Atlantic. Petitioners argue that it did not make sense for Atlantic not to exercise the options in favor of petitioners, even though they failed to introduce evidence showing that the options were actually exercised. Petitioners' attorney further suggests that he was unable to introduce evidence showing that the options had been exercised because the record in this case was limited to facts established in the earlier Coleman decision. We find this explanation untenable because the record in this case includes evidence which was not present in Coleman, such as petitioners' tax returns and respondent's statutory notices of deficiency for tax years 1981 through 1985. We note that it was petitioners' decision to accept as facts in this case the facts found, and the record supporting them, in Coleman, plus an additional supplemental stipulation herein. Furthermore, it strains *508 credibility to believe that petitioners could have brought a case from petition to reply brief in this Court without providing the very piece of evidence necessary to prove their point. Petitioners have not proven that Atlantic exercised any options or that they had a depreciable interest in the computer equipment. They are not entitled to the depreciation deductions or investment tax credits that respondent disallowed. Coleman v. Commissioner, supra.Furthermore, petitioners are entitled to travel and entertainment expenses only to the extent that respondent has allowed them, because petitioners have also failed to prove that they are entitled to them. The second issue for decision is whether petitioners are entitled to deduct interest on the nonrecourse note that Majestic issued. [4] This Court in Coleman disallowed petitioners' deductions for interest on the nonrecourse note, holding that no genuine indebtedness existed because the price paid for the equipment ($ 2,055,553) and the nonrecourse note ($ 1,905,053) unreasonably exceeded the maximum value of the interest acquired by Majestic in 1979 and 1980, which was at most $ 197,045. Coleman v. Commissioner *509 , at 213. Based on the assumption that Atlantic exercised all options on their behalf, petitioners claim that the value of their interest in 1981 through 1985 was substantially greater than $ 197,045. Petitioners claim that a genuine indebtedness existed after Atlantic exercised the options and that they should be able to deduct the interest on the nonrecourse note. Again, we decline to speculate as to what might have happened had Atlantic exercised these options because petitioners have failed to prove that they were exercised at all. We find that petitioners have the same interest in the computer equipment that they did during 1979 and 1980. No genuine indebtedness exists when the purchase price and principal amount of the nonrecourse note unreasonably exceeds the value of the property interest acquired. Estate of Franklin v. Commissioner, 544 F.2d 1045, 1049 (9th Cir. 1976), affg. 64 T.C. 752 (1975). We follow the opinion in Coleman *510 on this issue and hold that respondent correctly disallowed petitioners' deductions for interest on the nonrecourse note during tax years 1981 through 1985. The next issue for decision is whether petitioners are liable for additions to tax under section 6661 for substantially understating their income tax liability during 1982. Section 6661 imposes an addition to tax if there is a substantial understatement of income tax. An understatement exists when the amount of tax shown on the return is less than the amount required to be shown on the return. A substantial understatement exists when the understatement exceeds the greater of $ 5,000 or 10 percent of the amount of tax required to be shown on the return. An understatement may be reduced if the taxpayer's treatment of the item was based on substantial authority, sec. 6661(b)(2)(B)(i), or if the taxpayer adequately disclosed on the return or in a statement attached to the return the relevant facts affecting such item's tax treatment. Sec. 6661(b)(2)(B)(ii). Petitioners argue that they need only have a "reasonable belief" that they were entitled to the deductions and credits taken in the years in dispute in order to avoid the *511 section 6661 additions to tax. In this regard in determining whether substantial authority exists, only the following will be considered authority: applicable provisions of the Internal Revenue Code and other statutory provisions; temporary and final regulations construing such statutes; court cases; administrative pronouncements (including revenue rulings and revenue procedures); tax treaties and the regulations thereunder; and congressional intent as reflected in committee reports and other similar literature. Sec. 1.6661-3(b)(2), Income Tax Regs. Petitioners have not shown that any part of the understatement was supported by an analysis of such authority. Nor have petitioners shown that their position was adequately disclosed, as outlined by section 6661(b)(2)(B)(ii). We conclude that petitioners are liable for the 25 percent addition to tax under section 6661 for tax year 1982. We now decide whether petitioners are liable for section 6659 additions to tax because their underpayments of income tax were attributable to a valuation overstatement. A valuation overstatement exists when the value or the adjusted basis of property is at least 150 percent of its correct amount. The *512 addition to tax is based on a graduated scale, depending on the degree of the overstatement. In this case, we observe that the maximum value of petitioners' interest in the computer equipment was $ 197,045. For tax purposes, petitioners claimed that the computer equipment was worth $ 2,055,553. With this in mind, it is clear that petitioners are liable for the 30 percent addition to tax on the underpayment attributable to valuation overstatement because the value of the computer equipment claimed exceeded 250 percent of its correct amount. We note that any underpayment of tax subject to a section 6659 addition to tax attributable to a valuation overstatement is not taken into account for purposes of calculating the section 6661 addition to tax. Sec. 6661(b)(3). Finally, we take up respondent's determination that petitioners are liable for the enhanced interest rate under section 6621(c), which is 120 percent of the interest normally charged and is levied on substantial underpayments attributable to a tax motivated transaction which exceed $ 1,000. "Tax motivated transactions" include, inter alia, valuation overstatements as defined by section 6659(c). Sec. 6621(c)(3)(A)(i). *513 A valuation overstatement exists if the value or adjusted basis of any property claimed on a return is 150 percent or more of the amount determined to be the correct value or adjusted basis. Sec. 6659(c). We determined earlier that the value of $ 2,055,553 that petitioners claimed on their returns exceeded 250 percent of the correct value of the computer equipment. We therefore conclude that petitioners are liable for the enhanced interest rate of section 6621(c). Decision will be entered under Rule 155. Footnotes
1. All six docket numbers have been consolidated for briefing and opinion.↩
*. By order of the Chief Judge, these cases were reassigned to Judge Jules G. Korner III.↩
2. All statutory references are to the Internal Revenue Code, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
3. Sec. 6621(d) was redesignated as sec. 6621(c) by the Tax Reform Act of 1986, 100 Stat. 2744. See Pub. L. 99-514, sec. 1151(c)(1)(A)-(C).↩
4. Accepted by the Court as tried with the consent of the parties, since it was argued on brief, see Rule 41(b)(1), although the parties seemed to have excluded it as an issue in their earlier stipulation.↩